IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNA MCGINNIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-03-3105 |
| | § | |
| ARCO PIPE LINE CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

There are four Motions currently pending in this case: Plaintiffs' Motion and Notice To Take Judicial Notice of Adjudicative Facts and Other Matters (Docket Entry No. 20); Plaintiff's Motion and Notice of Summary Judgment (Docket Entry No. 22); Plaintiff's Motion and Notice of Motion To Compel (Docket Entry No. 23); and Defendant's Cross-Motion for Summary Judgment (Docket Entry No. 25). For the reasons that follow, Plaintiff's Motion To Take Judicial Notice of Adjudicative Facts and Other Matters (Docket Entry No. 20) is **GRANTED**; Defendant's Cross-Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**; Plaintiff's Motion and Notice of Summary Judgment (Docket Entry No. 22) is **DENIED**; and Plaintiff's Motion and Notice of Motion To Compel (Docket Entry No. 23) is **DENIED**.

### I. BACKGROUND

This case arises out of the tragic death of Plaintiff's husband. Mr. McGinnis was driving home from work in a company-owned commercial motor vehicle when a pine tree hit the roof of the vehicle and killed him. The issue in this case is whether Plaintiff's

1

husband was "at work" at the time of his death. If he was not, Plaintiff cannot recover a Work Related Accidental Death Benefit from Defendant.[1] The benefit of $250,000 was to be paid "in case of death of regular full-time represented employees provided such death occurs as a direct result of accident at work."

According to the Occupational Accidental Death Benefit Plan, the insurance pays a benefit if a covered employee dies as the direct result of injuries suffered in a work-related accident "that takes place on or off the Company's premises" if, at the time of the accident, the employee was "involved in a work-related activity; required to be present as part of [his] job responsibilities; or traveling on Company business." However, the Plan explicitly states that it will not pay a benefit for a death that occurs while a covered employee is "commuting between [his] home and [his] regular place of work."

Defendant claims that drivers like Mr. McGinnis were provided with company vehicles to drive to and from work so that the vehicle would be available in the event the driver was called out on a job from his home, but that, while commuting to and from work, drivers were not considered to be performing work for the company and were not paid during that time.

Plaintiff argues that the definition of "at work" is not governed by the description of the Plan, but rather by a set of federal regulations that apply to employees and commercial motor vehicles. Those regulations define when a driver like Mr. McGinnis is considered "on duty." According to the regulations Plaintiff cites, "[o]n duty time means all time from the time a driver begins to work or is required to be in readiness to work until the time the driver is relieved from work and all responsibility for performing work." "On duty time" includes "[a]ll driving time" as well as "[a]ll time, other than

---

[1] All other Defendants in this case have either been dismissed or were never served.

driving time, in or upon any commercial motor vehicle except time spent resting in a sleeper birth." "Driving time" is defined as "all time spent at the driving controls of a commercial motor vehicle in operation." 49 C.F.R. § 395.2. Plaintiff essentially argues that the definitions of "on duty" and "driving time" under the regulations should guide this Court's interpretation of whether Plaintiff's husband was "at work" at the time of the death.

## II. DISCUSSION

*A. Plaintiff's Motion and Notice To Take Judicial Notice of Adjudicative Facts*

In this Motion, Plaintiff asks the Court to take judicial notice of certain sections of the Texas Labor Code. Defendant has stated that it does not object to Plaintiff's Motion. Therefore, the Motion is **GRANTED**.

*B. Legal Standard for a Motion for Summary Judgment*

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted). Evidence is construed in the light most favorable to the non-moving party. *Id*. "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate

3

specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citations omitted).

### *C. Summary Judgment Discussion*

Plaintiff has failed to show why this Court should define "at work" based on the definition of "on duty" in the federal regulations she cites, as opposed to language in the description of the Plan. Defendant is a private employer who chose to provide this benefit to certain employees on top of any death benefits payable through the company's basic life (or group life), group accident, business travel accident, and employee death benefit plans. As a result, Defendant was entitled to define the parameters of the Plan and to decide what is covered and what is not.

Therefore, Plaintiff's Motion and Notice of Summary Judgment is **DENIED** and Defendant's Cross-Motion for Summary Judgment is **GRANTED**. It is not necessary for the Court to reach the parties' other arguments.

### *D. Plaintiff's Motion and Notice of Motion To Compel*

There is no issue of material fact in this case and Defendant is clearly entitled to summary judgment as a matter of law. None of the information that Plaintiff has requested from Defendant that Defendant has refused to produce would affect the Court's decision in this case. Therefore, the Motion To Compel is **DENIED**.

### III. CONCLUSION

Plaintiff's Motion To Take Judicial Notice of Adjudicative Facts and Other Matters (Docket Entry No. 20) is **GRANTED**; Defendant's Cross-Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**; Plaintiff's Motion and Notice of

Summary Judgment (Docket Entry No. 22) is **DENIED**; and Plaintiff's Motion and Notice of Motion To Compel (Docket Entry No. 23) is **DENIED**.

IT IS SO ORDERED.

SIGNED this 26th day of July, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**